# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2274WA

_____

| | | |
|---|---|---|
| Harry Tucker, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for |
| | * | the Western District of |
| | * | Arkansas. |
| City of Hot Springs, Arkansas, | * | |
| | * | [To be published] |
| Defendant-Appellee. | * | |

_____

Submitted: February 17, 2000

Filed: March 1, 2000

_____

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In this case the appellant, Harry Tucker, claims that the conditions of his employment with the City of Hot Springs violated the substantive aspects of the Due Process Clause of the Fourteenth Amendment. The District Court[1] dismissed the complaint, and we affirm. We have little to add to the well-reasoned opinion of the District Court.

_____

[1]The Hon. Robert T. Dawson, United States District Judge for the Western District of Arkansas.

The theory of Mr. Tucker's complaint is that his substantive-due-process rights were violated when the City required him to enter and inspect buildings that were dangerous, unsanitary, and unhealthy without providing him with appropriate safety equipment. Mr. Tucker was an employee of the City, and his job included entering and inspecting the buildings in question. He had requested special safety equipment, and the equipment had been ordered, but had not yet arrived. Mr. Tucker went ahead and did his job, and now claims that the conditions of the buildings that he was required to enter have made him ill.

We cannot fit this case into any recognized substantive-due-process category. The conduct of the City does not shock the judicial conscience. Mr. Tucker was not in custody, either as a prisoner or as a ward of the state. He was simply an employee. If the conditions of his employment harmed him, his remedy would be under the state workers' compensation statute. It is not even clear, even accepting all of the allegations of the complaint as true, which we must do at this stage, that Mr. Tucker was ordered to enter the buildings on pain of losing his job. Inspecting the buildings in question was simply part of his regular task, and, after requesting certain safety equipment, he performed this task. The ordinary incidents of the employment relationship, and the jobs that public employees are hired to do, are not normally subject to substantive-due-process analysis.

We believe the District Court was correct in granting the defendant's motion for summary judgment. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.